# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| DAVID WOOD<br>    *Plaintiff,*<br><br>v.<br><br>RACHEL PATTON, Attorney Pro Tem,<br>State of Texas,<br>    *Defendant.* | Civil Case No. 1:24-cv-01058-DII<br><br><br><br>**Execution Scheduled for March 13, 2025** |

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

JASON D. HAWKINS
Federal Public Defender

Jeremy Schepers
Supervisor, Capital Habeas Unit

Naomi Fenwick
Claire Davis
Assistant Federal Public Defenders

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org
claire_daivs@fd.org

Gregory W. Wiercioch
University of Wisconsin Law School
975 Bascom Mall
Madison, Wisconsin 53706
(Tel) 832-741-6203
(Fax) 608-263-3380
gregory.wiercioch@wisc.edu

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

I.    The Defendant's arguments that this Court lacks subject matter jurisdiction
      fail. ................................................................................................................................. 2

      A.    The Defendant attempts to rewrite Mr. Wood's suit to incorrectly
            claim that he seeks mandamus relief. ........................................................ 2

      B.    The Eleventh Amendment is no barrier to this suit because Mr.
            Wood seeks only declaratory and injunctive relief. ................................. 5

      C.    The Defendant's argument that the *Rooker-Feldman* doctrine bars
            this suit fail and are once again based on an attempt to rewrite Mr.
            Wood's suit. .................................................................................................... 5

II.   Mr. Wood has properly stated a claim on which relief can be granted. ................. 10

      A.    The Defendant's absolute immunity defense is meritless. ..................... 11

      B.    Issue preclusion is no barrier to this suit. .............................................. 11

      C.    This Court should reject the Defendant's argument that Chapter 64
            is effectively exempt from constitutional review. ................................. 12

      D.    Mr. Wood has stated a facially plausible claim that the TCCA's
            construction of Chapter 64 renders it an illusory right. ....................... 12

      E.    Mr. Wood has stated a facially plausible claim that the TCCA
            construed the statute in a novel way that he did not have reasonable
            notice of. ....................................................................................................... 17

III.  Conclusion. ................................................................................................................. 20

CERTIFICATE OF SERVICE ................................................................................................ 22

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Alvarez v. Att'y Gen. for Fla.,*
   679 F.3d 1257 (11th Cir. 2012) ................................................................. 9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ................................................................................ 10

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ................................................................................ 10

*Burns v. Reed,*
   500 U.S. 478 (1991) ................................................................................ 11

*Burns v. United States,*
   501 U.S. 129 (1991) .................................................................................. 8

*Cardenas Ramirez v. McCraw,*
   715 F. App'x 347 (5th Cir. 2017) ............................................................. 4

*Chauvin v. State Farm Fire & Cas. Co.,*
   495 F.3d 232 (5th Cir. 2007) ................................................................. 10

*Cooper v. Ramos,*
   704 F.3d 772 (9th Cir. 2012) .................................................................. 9

*Davis v. Lansing,*
   851 F.2d 72 (2d Cir. 1988) ................................................................... 4, 5

*District Attorney's Office v. Osborne,*
   557 U.S. 52 (2009) ......................................................................... 8, 12, 13

*Douglas v. California,*
   372 U.S. 353 (1963) .................................................................................. 8

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
   544 U.S. 280 (2005) ............................................................................... 5, 9

*Griffin v. Illinois,*
   351 U.S. 12 (1956) .................................................................................... 8

*Gutierrez v. Saenz,*
  565 F.Supp.3d 892 (S.D. Tex. 2021)..................................................................... 7, 8, 9, 17

*Gutierrez v. Saenz,*
  93 F.4th 267 (5th Cir. 2024) .......................................................................................8, 17

*Holloway v. Walker,*
  765 F.2d 517 (5th Cir. 1985) ............................................................................................. 3

*McKithen v. Brown,*
  626 F.3d 143 (2d Cir. 2010)............................................................................................... 9

*Medina v. California,*
  505 U.S. 437 (1992)...............................................................................................1, 8, 13

*Members of City Council v. Taxpayers for Vincent,*
  466 U.S. 789 (1984) .........................................................................................................12

*In re Moore,*
  917 F.2d 557 (4th Cir. 1990) ............................................................................................. 4

*Morrison v. Peterson,*
  809 F.3d 1059 (9th Cir. 2015) ........................................................................................... 9

*Mount v. Ct. of Crim. Appeals,*
  2017 WL 6761860 (S.D. Tex. Nov. 20, 2017)................................................................... 4

*Moye v. Clerk, De Kalb County Superior Court,*
  474 F.2d 1275 (5th Cir. 1973) ........................................................................................... 3

*Pruett v. Choate,*
  2017 WL 4277206 (S.D. Tex. Sept. 25, 2017) .................................................................. 4

*Pruett v. Choate,*
  711 F. App'x 203 (5th. Cir. 2017).................................................................................... 5

*Pulliam v. Allen,*
  466 U.S. 522 (1984)........................................................................................................... 3

*Reed v. Goertz,*
  598 U.S. 230 (2023).................................................................................................. *passim*

*Singleton v. Cannizzaro,*
  956 F.3d 773 (5th Cir. 2020) ..........................................................................................11

*Skinner v. Switzer,*
    562 U.S. 521 (2011).................................................................................................. *passim*

*In re Smith,*
    349 F. App'x 12 (6th Cir. 2009)........................................................................................9

*United States v. Shanbaum,*
    10 F.3d 305 (5th Cir. 1994) ............................................................................................11

*Wade v. Monroe Cnty. Dist. Att'y,*
    800 F. App'x 114 (3d Cir. 2020) .......................................................................................9

*Zinermon v. Burch,*
    494 U.S. 113 (1990)........................................................................................................15

**State Cases**

*Garcia v. State,*
    No. PD-1039-08, 2009 WL 3042392 (Tex. Crim. App. Sept. 23, 2009) .................... 15

*Gutierrez v. State,*
    2024 WL 3220514 (Tex. Crim. App. June 27, 2024) ................................................. 18

*Ex parte Gutierrez,*
    337 S.W.3d 883 (Tex. Crim. App. 2011)..................................................................... 14

*Hall v. State,*
    569 S.W.3d 646 (Tex. Crim. App. 2019)........................................................... 18, 19, 20

*LaRue v. State,*
    518 S.W.3d 439 (Tex. Crim. App. 2017).......................................................................15

*Pruett v. State,*
    2017 WL 1245431 (Tex. Crim. App. Apr. 5, 2017)......................................................15

*Reed v. State,*
    541 S.W.3d 759 (Tex. Crim. App. 2017)...............................................................14, 19

*State v. Long,*
    2015 WL 2353017 (Tex. App.—Waco, May 14, 2015)................................................15

*State v. Swearingen,*
    478 S.W.3d 716 (Tex. Crim. App. 2015)............................................................. 4, 18, 20

*Swearingen v. Keller, et al.,*
    2017 U.S. Dist. LEXIS 219260 (W.D. Tex. July 7, 2017).............................................4

*Swearingen v. State,*
    303 S.W.3d 728 (Tex. Crim. App. 2010).......................................................20

*Wilson v. State,*
    2003 WL 1821465 (Tex. Crim. App. Mar. 26, 2003) ...............................15

*Wood v. State,*
    693 S.W.3d 308 (Tex. Crim. App. 2024)...............................................1, 7

**State Statutes**

Tex. Code Crim. Proc. art. 64 ...................................................................*passim*

**Rules**

Fed. R. Civ. Pro. 8(a)(2) ................................................................................10

Fed. R. Civ. Pro. 12(b) ..........................................................................*passim*

**Constitutional Provisions**

U.S. Const. Amend. XI ...........................................................................2, 5, 6

David Wood has always maintained his innocence of the offense for which he was convicted and sentenced to death. In 2010, the State agreed to limited DNA retesting of three items previously tested at trial pursuant to Chapter 64 of the Texas Code of Criminal Procedure. App.48–137. That DNA retesting provided powerful exculpatory evidence. It "showed that a bloodstain on a yellow terrycloth sun suit belonging to victim Dawn Smith contained male DNA," and "[Mr. Wood] was excluded from this profile." *Wood v. State*, 693 S.W.3d 308, 331 (Tex. Crim. App. 2024).

Armed with this exculpatory result, and based on statutory changes to Chapter 64, Mr. Wood sought further DNA testing. App.202–86; 1156–1238. He also asked that the State develop the DNA profile of a known suspect, Salvador Martinez to compare it to the unknown male DNA profile. Mr. Martinez's DNA had been obtained in 1987 after law enforcement learned that he had concealed his relationship with three of the six victims and that his presence in El Paso coincided with the disappearance of all six victims. ECF No. 1 at ¶32. Mr. Martinez also failed a polygraph examination. The State opposed both requests. Ultimately, the Texas Court of Criminal Appeals ("TCCA") denied those requests solely on the ground that Mr. Wood "failed to show that his subsequent DNA testing requests have not been made to unreasonably delay the execution of sentence." *Wood*, 693 S.W.3d at 312.

Subsequently, Mr. Wood filed a complaint in this Court asserting that the TCCA's authoritative construction of Chapter 64 violated his due process rights, both facially and as applied. ECF No. 1 at ¶¶5, 8. While a state court decision denying DNA testing is itself not reviewable by federal courts, plaintiffs may raise challenges regarding the constitutionality of the process provided or of the relevant statute as "authoritatively construed" by the highest state court. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011). Mr. Wood alleged two ways in which the TCCA's interpretation of the

relevant statute violated fundamental fairness, *see Medina v. California*, 505 U.S. 437, 446, 448 (1992), in that it renders the ability to obtain DNA testing an illusory right and that it interpreted the statute in a novel way that he did not have reasonable notice of. ECF No. 1 at ¶¶57–75.

The Defendant has moved to dismiss the case under Rule 12(b), asserting that this Court lacks subject matter jurisdiction and that Mr. Wood has failed to state a claim on which relief can be granted. ECF No. 10. Many of the Defendant's arguments are an attempt to rewrite Mr. Wood's suit from the *Skinner*-approved attack on the constitutionality of the TCCA's authoritative construction of Chapter 64 into something that it is not, an attack on the result in state court. These arguments should be swiftly rejected. Furthermore, because both of Mr. Wood's due process theories state a facially plausible claim for relief, the Defendant's motion should be denied.

## I.    The Defendant's arguments that this Court lacks subject matter jurisdiction fail.

The Defendant asserts that this Court lacks subject matter jurisdiction because: (1) Mr. Wood seeks mandamus relief; (2) the Eleventh Amendment provides immunity; and (3) the *Rooker-Feldman* doctrine bars review. ECF No. 10 at 15–23. All three are simply attempts to rewrite Mr. Wood's Complaint from one that is permissible under *Skinner* to one that, after the Defendant's attempted revisions, would require dismissal. This Court should reject the Defendant's arguments.

### A.  The Defendant attempts to rewrite Mr. Wood's suit to incorrectly claim that he seeks mandamus relief.

The Defendant asserts that Mr. Wood does not have standing to bring this suit, incorrectly claiming that Mr. Wood seeks mandamus relief. ECF No. 10 at 15–17. To do so, the Defendant attempts to rewrite Mr. Wood's suit into something that it is not, "that the state courts erred" in resolving his DNA testing motion and that he "is essentially asking this Court to compel state

officials" to require DNA testing. *Id.* at 15–16. However, Mr. Wood does not seek mandamus relief, nor does he ask this Court to enter an order requiring DNA testing.

Mr. Wood specified with clarity and precision what this suit is. He has alleged that, facially and as applied to him, the TCCA's construction of Chapter 64 violated his due process rights. ECF No. 1 at ¶76. He explained that "[w]hile a state court decision denying DNA testing is itself not reviewable by federal courts, plaintiffs may raise challenges regarding the constitutionality of the process provided or of the relevant statute as 'authoritatively construed' by the highest state court." *Id.* at ¶51 (citing *Skinner*, 562 U.S. at 532). Mr. Wood identified two ways in which the TCCA's interpretation of Chapter 64 violated fundamental fairness, that it renders the ability to obtain DNA testing an illusory right and that it interpreted the statute in a novel way that he did not have reasonable notice of. ECF No. 1 at ¶¶57–75.

Mr. Wood requested in his prayer for relief: 1) "[a] declaratory judgment that Chapter 64, both facially and as applied to Mr. Wood, violates his due process rights" and 2) "[a] preliminary and permanent injunction prohibiting Mr. Wood's execution until Texas affords him a constitutionally adequate opportunity to seek DNA testing through the process that it has created." *Id.* at 23. Nowhere did he ask this Court to find "that the state court erred" in resolving his DNA testing motion or for an order compelling DNA testing. ECF No. 10 at 15–16.

Despite plainly requesting declaratory and injunctive relief,[1] the Defendant claims that Mr. Wood actually seeks mandamus relief. It is widely recognized that "a federal court lacks the general

---

[1] The Defendant asserts that this suit should be dismissed "for lack of subject matter jurisdiction to the extent he asks for anything more than a declaratory judgment." ECF No. 10 at 17 (citing Fed. R. Civ. P. 12(b)(1)). That statement is incorrect as a matter of law. Both declaratory and injunctive relief are available; neither are requests for mandamus relief. *See Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985) (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)).

power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, De Kalb County Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973). However, this is not an issue in the instant case because Mr. Wood does not seek mandamus relief.

In *Swearingen v. Keller, et al.,* this Court explained that a § 1983 suit "is the equivalent of a petition for mandamus relief [when] it requests this court to direct the state court to require the DNA testing he requested and to direct the custodians of that evidence to release it for testing." 2017 U.S. Dist. LEXIS 219260, *11 (W.D. Tex. July 7, 2017). The Defendant baselessly asserts that Mr. Wood's "DNA claims are materially indistinguishable from the requests at issue in *Swearingen,*" and should be dismissed. ECF No. 10 at 17. The Defendant is wrong. *Swearingen* is distinguishable as, unlike in *Swearingen,* Mr. Wood has not requested an order mandating DNA testing.

The Defendant proceeds to cite five additional cases for the proposition that Mr. Wood's case should be dismissed on this ground. ECF No. 10 at 17. However, just like with *Swearingen,* four of those case cited by the Defendant were instances where the plaintiff requested an order granting DNA testing or access to the evidence.[2] The fifth case, *Davis v. Lansing,* is a federal habeas case that

---

[2] *Cardenas Ramirez v. McCraw,* 715 F. App'x 347, 350 (5th Cir. 2017) (holding that the plaintiff sought mandamus relief because he "seeks an injunction requiring the defendant officials to release the biological material on which he asks for DNA testing"); *In re Moore,* 917 F.2d 557 (4th Cir. 1990) (holding that the court lacked mandamus authority to enter an order "to compare evidence found at the scene of the crime to DNA samples . . . sent to a forensic lab."); *Mount v. Ct. of Crim. Appeals,* 2017 WL 6761860, *1–2 (S.D. Tex. Nov. 20, 2017) (holding that the plaintiff's requests for an order to "access to DNA and other physical evidence" was an impermissible request for mandamus relief); *Pruett v. Choate,* 2017 WL 4277206, *4–5 (S.D. Tex. Sept. 25, 2017) (holding that the plaintiff impermissibly sought mandamus relief by seeking "injunctive relief compelling specific testing of evidence, and compelling [Defendants] to produce certain materials for review and testing" or an "order compelling Texas officials to comply with what [Plaintiff] sees as the requirements of Chapter 64.").

has nothing to do with DNA testing and merely mentions that mandamus relief cannot be entered against state officials. 851 F.2d 72, 74 (2d Cir. 1988).[3] As Mr. Wood has made no such requests, the Defendant's argument for dismissing Mr. Wood's suit as requesting mandamus relief fails.

**B. The Eleventh Amendment is no barrier to this suit because Mr. Wood seeks only declaratory and injunctive relief.**

The Defendant asserts that "the suit against Defendant is barred by Eleventh Amendment immunity," then later recognizes this barrier exists only "to the extent Plaintiff seeks anything other than a declaratory judgment or prospective injunctive relief." ECF No. 10 at 18–19. Since Mr. Wood seeks only declaratory and injunctive relief, ECF No. 1 at ¶23, the Eleventh Amendment does not bar this suit. *See Reed v. Goertz*, 598 U.S. 230, 234 (2023) (dispatching the same argument in a § 1983 suit regarding DNA testing because *Ex parte Young*, 209 U.S. 123 (1908), permits "declaratory or injunctive relief against state officers in their official capacities").

**C. The Defendant's argument that the *Rooker-Feldman* doctrine bars this suit fail and are once again based on an attempt to rewrite Mr. Wood's suit.**

The Defendant spills significant ink arguing that the *Rooker-Feldman* doctrine bars Mr. Wood's suit. ECF No. 10 at 19–23. The Defendant accurately characterizes what the *Rooker-Feldman* doctrine is, which occupies a "narrow ground" and only bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

---

[3] In a footnote, the Defendant also cites the Fifth Circuit's decision in *Pruett v. Choate*, ECF No. 10 at 17 n.3, where that court noted that the plaintiff's arguments "seem[ed] to be dressed-up allegations that the TCCA should be directed to apply Texas law properly." 711 F. App'x 203, 206 n.9 (5th Cir. 2017). Mr. Wood is not asking this court to direct the TCCA to apply the law properly. Instead, he has asserted that he was denied due process.

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). But, from there the Defendant's arguments come unmoored from the facts of this case and the relevant law. The Defendant again attempts to rewrite Mr. Wood's suit as one asking "this Court to review the state court's judgment." ECF No. 10 at 21. However, Mr. Wood's actual suit does not do this, and as such the *Rooker-Feldman* doctrine poses no barrier to relief.

Just as with the Defendant's Eleventh Amendment defense, the Supreme Court resolved this same issue in *Reed*. There, it explained that:

> But as this Court explained in *Skinner* v. *Switzer*, even though a "state-court decision is not reviewable by lower federal courts," a "statute or rule governing the decision may be challenged in a federal action." 562 U.S. 521, 532, 131 S. Ct. 1289, 179 L.Ed.2d 233 (2011). Here, as in *Skinner*, Reed does "not challenge the adverse" state-court decisions themselves, but rather "targets as unconstitutional the Texas statute they authoritatively construed." *Ibid.*

*Reed*, 598 U.S. at 235. The same applies here and the Defendant's argument should be rejected. Similarly to *Reed*, Mr. Wood alleged that "[t]he TCCA's authoritative construction of Chapter 64 violated [his] due process rights." ECF No. 1 at ¶5 (citing *Skinner*, 562 U.S. at 532). Mr. Wood does not challenge the adverse decision itself, but instead raises a due process challenge to Chapter 64 and argues that the TCCA's construction of it was unconstitutional.

The Defendant's briefing incorrectly represents what occurred in *Skinner*, asserting that "[u]nlike in *Skinner v. Switzer*, Plaintiff does not attack the statute providing for postconviction DNA testing but the CCA's interpretation of it." ECF No. 10 at 20. In fact, "*Skinner's* federal court complaint assail[ed] the Texas statue as authoritatively construed" by the TCCA. *Skinner*, 562 U.S. at 531. *Skinner* was about the TCCA's interpretation of Chapter 64, just like Mr. Wood's suit is.[4]

---

[4] The *Skinner* court also rejected the argument that *Rooker-Feldman* barred the suit in that case. 562 U.S. at 531–33.

*Rooker-Feldman* would be implicated in this suit if, for example, Mr. Wood sought an order from this Court reversing the denial of DNA testing. Or if Mr. Wood challenged the TCCA's finding that "he has failed to show that his subsequent DNA testing requests have not been made to unreasonably delay the execution of sentence." [5] *Wood*, 693 S.W.3d at 312. While Mr. Wood disagrees with the TCCA's conclusion on that point, he does not challenge it in this suit. Instead, and in line with *Skinner*, Mr. Wood challenges the way the TCCA has "authoritatively construed" the DNA testing statute. *See Skinner*, 562 U.S. at 532.

Mr. Wood does so in two ways, first alleging that the TCCA's authoritative construction of the statute renders the ability to obtain DNA testing an illusory right and second that it interpreted the statute in a novel way that he did not have reasonable notice of. ECF No. 1 at ¶¶57–75. Neither of these two legal arguments implicate *Rooker-Feldman*. Mr. Wood's first argument that the TCCA has rendered Chapter 64 illusory in violation of due process is based on the fact that that court has denied DNA testing in *every* appeal that it has been presented with in the last fifteen years, amounting to twenty-three consecutive denials. ECF No. 1 at ¶60. Plainly, this is not Mr. Wood asking this Court to review the TCCA decision affirming the denial of DNA testing in his case. Instead, it is a challenge to the procedural adequacy of that statute in light of how the TCCA construes it. As explained recently by the Southern District of Texas in a different challenge to Chapter 64, "[d]ue process does not countenance procedural sleight of hand whereby a state extends a right with one hand and takes it away with another. To do so renders meaningless an express right and transgresses a principle of fundamental fairness." *Gutierrez v. Saenz*, 565 F.Supp.3d 892, 911

---

[5] The Defendant makes a one-sentence argument that *Rooker-Feldman* would bar this Court from entering an order that directs the release of evidence for DNA testing. ECF No. 10 at 23. That argument has no bearing on this case because Mr. Wood has not asked for such an order.

(S.D. Tex. 2021) (citing *District Attorney's Office v. Osborne*, 557 U.S. 52, 69 (2009); *Medina*, 505 U.S. at 446; *Douglas v. California*, 372 U.S. 353, 358 (1963); *Burns v. United States*, 501 U.S. 129, 136 (1991); *Griffin v. Illinois*, 351 U.S. 12, 17 (1956)).[6]

This is a facial challenge to the constitutional adequacy of Chapter 64 and presents no *Rooker-Feldman* concern. *See Reed*, 598 U.S. at 235; *Skinner*, 562 U.S. at 531–33. Despite this, the Defendant repeatedly tries to rewrite Mr. Wood's suit as raising only an as-applied challenge. ECF No. 10 at 20 (asserting that Mr. Wood only "challenges the CCA's application of Article 64.03(a)(2)(B) to him"); *id.* at 22 (incorrectly claiming that Mr. Wood "does not assert that the delay provision of Chapter 64 is constitutionally inadequate as to any movant, but only as to himself."); *id.* ("This reveals that his complaint does not mount a facial challenge to Chapter 64 but instead only raises complaints about the CCA's decision in his case."). This Court should reject the Defendant's attempt to rewrite Mr. Wood's suit and claim that the rewritten version must be dismissed under *Rooker-Feldman*.

Mr. Wood's second argument, that the TCCA interpreted the statute in a novel way that he did not have reasonable notice of, ECF No. 1 at ¶¶63–75, also poses no *Rooker-Feldman* problem. In his Complaint, Mr. Wood cited numerous cases showing that failing to provide reasonable notice violates a fundamental tenant of due process. *Id.* at ¶¶63–65. He then proceeded to explain why that violation occurred here. *Id.* at ¶¶66–75. His argument is that the TCCA's interpretation of the relevant statute in his case violated due process due to lack of notice has no *Rooker-Feldman* problem.

---

[6] On appeal the Fifth Circuit vacated the district court's judgment in *Gutierrez* on standing grounds. It held that "[b]ecause there is not a substantial likelihood that a favorable ruling by a federal court on Gutierrez's claims would cause the prosecutor to order DNA testing, Gutierrez's claims are not redressable in this Section 1983 suit." *Gutierrez v. Saenz*, 93 F.4th 267, 275 (5th Cir. 2024). It did not address the district court's finding that Chapter 64 was unconstitutional. Subsequently, the Supreme Court stayed Mr. Gutierrez's execution and later granted his petition for writ of certiorari and set the case for oral argument on February 24, 2025.

His argument is not that the TCCA erred in its resolution of his case, or how it applied the facts of his case to the law.

This second argument is an as-applied due process claim. As applied, in this context, is in reference to the TCCA's interpretation of Article 64.03(a)(2)(B) in Mr. Wood's case. It is not a challenge to the TCCA's ultimate resolution of whether Mr. Wood met that statutory requirement. The Defendant relies on a few cases from other circuits where § 1983 suits were dismissed under the *Rooker-Feldman* doctrine and requests the same here. ECF No. 10 at 21. However, each of those cases is readily distinguishable from Mr. Wood's, most saliently because in each of them the Plaintiff sought an order in the federal suit requiring DNA testing or access to the evidence to conduct it. *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1260 (11th Cir. 2012); *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012); *McKithen v. Brown*, 626 F.3d 143, 146–47 (2d Cir. 2010); *Wade v. Monroe Cnty. Dist. Att'y*, 800 F. App'x 114, 118 (3d Cir. 2020); *In re Smith*, 349 F. App'x 12, 13 (6th Cir. 2009). By doing so, they created a quintessential *Rooker-Feldman* problem: directly attacking the accuracy of the state court judgment itself and seeking federal court review and rejection of that judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Wood, in contrast, does not ask this Court to review the accuracy of the TCCA's decision, nor does he seek an order permitting DNA testing or access to the evidence. Thus, there is no *Rooker-Feldman* problem here.

These cases relied on by the Defendant establish that, at least in those circuits, "[a]n as-applied challenge is not permissible if used to collaterally attack the state-court judgment." *Gutierrez*, 565 F.Supp.3d at 905 (citing *McKithen*, 481 F.3d at 98–99; *Alvarez*, 679 F.3d at 1263; *Wade*, 800 F. App'x at 199). In contrast, "an as-applied challenge is permissible so far as it illuminates the authoritative construction of a state law to determine constitutional adequacy." *Id.* (citing *Morrison*

*v. Peterson*, 809 F.3d 1059, 1070 (9th Cir. 2015)). Mr. Wood's as-applied challenge fits into this latter rubric, and his due process challenge to the interpretation of Article 64.03(a)(2)(B) poses no *Rooker-Feldman* problem.[7]

## II.    Mr. Wood has properly stated a claim on which relief can be granted.

A motion to dismiss under Rule 12(b)(6) tests the adequacy of the complaint against the standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal quotations omitted)). The question on a motion to dismiss is "not whether [plaintiff] will ultimately prevail on his procedural due process claim, but whether his complaint was sufficient to cross the federal court's threshold." *Skinner*, 562 U.S. at 529–30 (internal quotations omitted). Detailed factual allegations are not required and a complainant need only show "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombley*, 550 U.S. at 570). At this stage, a court must view "well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007).

---

[7] The Defendant makes a two-sentence argument that if Mr. Wood requests a "permanent stay of execution" this court would lack jurisdiction to enter it because that would transform this case into a habeas corpus proceeding. ECF No. 10 at 23. That argument has no bearing on this case because Mr. Wood has not asked for that, either.

Both of Mr. Wood's due process theories state a facially plausible claim for relief pursuant to *Skinner* and the Defendant's motion should be denied.

### A. The Defendant's absolute immunity defense is meritless.

The Defendant makes a two-sentence argument that "to the extent that [Mr. Wood] challenges Patton's actions as the District Attorney Pro Tem for El Paso County, Patton is entitled to absolute prosecutorial immunity" and "to that extent, the claim fails as a matter of law and must be dismissed." ECF No. 10 at 24. This argument is meritless. The Defendant's paltry briefing on this front does not come close to carrying her burden, as "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted). Regardless, "[a]bsolute and qualified immunity protect only *individuals* from claims for *damages*; they do not bar official-capacity claims or claims for injunctive relief." *Singleton v. Cannizzaro*, 956 F.3d 773, 778 n.3 (5th Cir. 2020) (emphasis in original). This is an official capacity suit seeking declaratory and injunctive relief, so absolute immunity is no defense.

### B. Issue preclusion is no barrier to this suit.

The Defendant argues that, to the extent the instant claims were raised and resolved by the TCCA, issue preclusion mandates dismissal of this case. ECF No. 10 at 24–25. This Court can swiftly reject this argument. Issue preclusion requires, among other factors, that the issue in question be identical to the issue litigated in the prior action and that it was fully and vigorously litigated there. *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). The instant suit is about whether Mr. Wood's procedural due process rights were violated by the TCCA's authoritative interpretation of Chapter 64. This issue was not litigated in the prior state court action, so issue preclusion is no barrier here.

**C.  This Court should reject the Defendant's argument that Chapter 64 is effectively exempt from constitutional review.**

The Defendant argues that Mr. Wood's suit "necessarily fails" and should be dismissed because a diligence requirement is contained in some fashion in other DNA testing statutes and those statutes have been found to pass constitutional muster, Texas's requirement that "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice" is constitutional. ECF No. 10 at 25–27. Mr. Wood does not dispute that a provision regarding unreasonable delay in the abstract may be a permissible part of a DNA testing statute. ECF No. 1 at ¶62. However, the fact that other DNA testing statutes with related language have been found constitutional does not resolve whether Texas's is. This Court cannot side-step evaluation of these claims by resolving it at such a general level. Instead, "constitutional adjudication requires a review of the application of a statute to the conduct of the party before the Court." *Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984). The fact that a provision such as Article 64.03(a)(2)(B) may in the abstract be permissible, does not mean that in practice the TCCA has construed it in a constitutional manner. *See Skinner*, 562 U.S. at 532 (recognizing that a plaintiff can attack the statute as "authoritatively construed" by the State's highest court, not just its plain text); *Osborne*, 557 U.S. at 71 (explaining that Alaska's procedures appeared "adequate on their face", but that "without trying them, Osborne can hardly complain they do not work in practice").

**D.  Mr. Wood has stated a facially plausible claim that the TCCA's construction of Chapter 64 renders it an illusory right.**

The Supreme Court has recognized the viability of procedural due process challenges to state DNA testing procedures. *Skinner*, 562 U.S. at 525. While a state court decision denying DNA testing is itself not reviewable by federal courts, plaintiffs may raise challenges regarding the constitutionality

of the process provided or of the relevant statute as "authoritatively construed" by the highest state court. *Id.* at 532. There are two elements to a procedural due process claim: (1) "deprivation by state action of a protected interest in life, liberty, or property," and (2) "inadequate state process." *Reed*, 598 U.S. at 236. Texas has created a postconviction process for DNA testing, and as such Mr. Wood has a liberty interest in it. Yet, the Defendant moves to dismiss raising various arguments that Texas's process regarding DNA testing is adequate.

A procedural due process violation occurs where the state procedure "'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Osborne*, 557 U.S. at 69 (quoting *Medina*, 505 U.S. at 446, 448). The Defendant does not dispute Mr. Wood's legal theory that an illusory right can violate due process. *See* ECF No. 1 at ¶¶57, 58. The Defendant also does not dispute the overwhelming statistics showing that the TCCA has denied DNA testing in *every* appeal that it has been presented with in the last fifteen years, amounting to twenty-three consecutive denials. ECF No. 1 at ¶60 n.7 (citing cases). This strong evidentiary support, standing alone, creates a plausible claim for relief that clears the Rule 12(b)(6) threshold. Despite this uncontroverted factual record, the Defendant argues that Rule 12(b)(6) dismissal is warranted because (1) lower courts rule on DNA testing motions and sometimes grant them; (2) Mr. Wood allegedly "erroneously focuses only on cases where the defendant has been sentenced to death"; (3) Mr. Wood's fifteen-year timeframe has no practical relevance; and (4) the State sometimes agrees to DNA testing. ECF No. 10 at 29–32. None of these arguments warrant dismissal.[8]

---

[8] The Defendant incorrectly claims that Mr. Wood's "claim fails on its face because [Mr.] Wood's assertion that DNA testing under Chapter 64 is not based on any alleged defect in the statute." ECF No. 10 at 27. However, Mr. Wood has in fact asserted that Chapter 64 is constitutionally inadequate

First, contrary to the Defendant's position, TCCA precedent is the appropriate focus for determining whether or not Chapter 64 is a constitutionally adequate state process. Plaintiffs may raise challenges regarding the constitutionality of the process provided or of the relevant statute as "authoritatively construed" by the highest state court. *Skinner*, 562 U.S. at 532. While it is of course true that trial and lower appellate courts rule on DNA testing motions, the TCCA is the highest state court for Chapter 64 motions and the only Texas court that can authoritatively construe the statute; thus, Mr. Wood's focus on the TCCA is appropriate and in line with *Skinner*.

The Defendant misstates the way Chapter 64 operates by claiming that "[w]hether or not to grant a motion for DNA testing is a question for the trial court not the CCA."[9] ECF No. 10 at 29. While it is true that TCCA decisions affirm or deny the lower court ruling, it does not do so within the typical appellate context that requires deference to the trial court's decision. Instead, the TCCA reviews *de novo* appeals of Chapter 64 motions, except for issues turning on witness credibility or demeanor. *Reed v. State*, 541 S.W.3d 759, 768–69 (Tex. Crim. App. 2017). Because it conducts *de novo* review of whether to grant DNA testing, it is well within the province of the TCCA to determine whether or not DNA testing is warranted.

Furthermore, the fact that a lower court may grant DNA testing does not mandate dismissal of this claim under Rule 12(b)(6). The Defendant points to two cases in the fifteen-year window

---

based on the TCCA's authoritative interpretation of it rendering it an illusory right. *See* ECF No. 1 at ¶¶57–61.

[9] The Defendant also incorrectly claims individuals have "obtain[ed] relief via Chapter 64." ECF No. 10 at 29. No one can obtain relief through Chapter 64. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011) ("Exculpatory DNA testing results do not, by themselves, result in relief from a conviction or sentence. Chapter 64 is simply a procedural vehicle for obtaining certain evidence which might then be used in a state or federal habeas proceeding.").

where a lower court granted a DNA testing motion, but no appeal was taken to the TCCA of the decision to grant testing. ECF No. 10 at 29 (citing *Pruett v. State*, 2017 WL 1245431 (Tex. Crim. App. Apr. 5, 2017); *State v. Long*, 2015 WL 2353017 (Tex. App.—Waco, May 14, 2015)). The third case cited by the Defendant, *Wilson v. State*, 2003 WL 1821465 (Tex. Crim. App. Mar. 26, 2003), is well outside of the fifteen-year string of consecutive denials, and merely notes that trial courts have granted DNA testing while affirming the denial of testing in that case. These cases do not change the fact that the TCCA has rendered Chapter 64 illusory, nor does it undercut the unbroken fifteen-year string of DNA testing denials from that court. If this court were to credit lower court decisions such as this, it would not only contravene *Skinner*'s directive but it would create another constitutional problem, that whether or not an individual seeking DNA testing is provided with due process comes down to the whims of the state prosecutor in question and whether they choose to seek an appeal to the TCCA. When a state creates a liberty interest, such as DNA testing, it must provide due process for all who seek to access that interest. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (explaining that due process includes "a guarantee of fair procedure").

Second, the Defendant is simply incorrect that Mr. Wood "erroneously focuses only on cases where the defendant has been sentenced to death." ECF No. 10 at 30. In fact, Mr. Wood has catalogued both capital and non-capital cases in his Complaint. ECF No. 1 at ¶60 n.7. Included within the unbroken fifteen-year string of denials cited by Mr. Wood are two non-death penalty cases. *LaRue v. State*, 518 S.W.3d 439 (Tex. Crim. App. 2017); *Garcia v. State*, No. PD-1039-08, 2009 WL 3042392 (Tex. Crim. App. Sept. 23, 2009). While it is true that the TCCA has issued more opinions pertaining to Chapter 64 in capital cases than non-capital ones, Mr. Wood did not restrict his

argument in that fashion. Moreover, the Defendant points to no cases, capital or not, where the TCCA has granted DNA testing in the last fifteen years.

Third, the Defendant's arguments that Mr. Wood's selected timeframe has no practical relevance, is "disingenuous," and "creates a false impression" are wrong. ECF No. 10 at 30–31. Mr. Wood referenced (and still does) a fifteen-year period because that is how long it has been since the TCCA granted DNA testing in an appeal. That plainly has significant relevance to whether that court has construed the statute in a way that renders it illusory. Mr. Wood did not create an arbitrary timeframe, instead, he merely reports when the last DNA testing grant was issued by the TCCA. It comes as no surprise that the TCCA has shifted its interpretation over time to render a previously functional statute illusory. Indeed, the fact that the TCCA's interpretation of Chapter 64 has changed since it last granted DNA testing in 2009 is part of his second due process theory—that the TCCA interpreted the statute in Mr. Wood's case in a way that he did not have reasonable notice of.[10]

Fourth, the fact that the State sometimes agrees to DNA testing does nothing to show whether or not the TCCA has interpreted Chapter 64 in a way that renders it illusory, much less that Rule 12(b)(6) dismissal is warranted. *See* ECF No. 10 at 31. The relevant constitutional question is whether Texas' DNA testing statute has been authoritatively construed in such a way that it creates

---

[10] The Defendant argues, without citation or support, that because in 2013 Texas enacted a statute that requires testing of biological evidence in death penalty cases, "[t]hat would necessarily limit the postconviction testing requests during most of the 15-year period [Mr.] Wood discusses and skew any resulting statistics." This Court should give no credence to the Defendant's unsubstantiated speculation. Regardless, the fifteen-year window provides this Court with twenty-three consecutive denials of DNA testing appeals from the TCCA, a significant and consistent data set to review.

an inadequate state process that renders it illusory. *See Skinner*, 562 U.S. at 532; ECF No. 1 at ¶58. That the State may agree to DNA testing has no bearing on the statute's constitutional adequacy.

Acceptance of this argument (or the prior argument pertaining to whether or not the State appeals a lower court grant of DNA testing) would also place any ruling based on it in a precarious posture. Under this argument, the ability to obtain DNA testing pursuant to Chapter 64 would turn on whether the State agreed to DNA testing, or if it did not, whether or not it sought an appeal of that decision to the TCCA. That argument closely resembles the Fifth Circuit decision in *Gutierrez* that the Supreme Court is currently reviewing, *supra*, n.6, that standing turns on whether "a favorable ruling by a federal court on Gutierrez's claims would cause the prosecutor to order DNA testing." *Gutierrez*, 93 F.4th at 275. Since the unrefuted statistics show that the TCCA denies every DNA testing appeal it decides, ability to access DNA testing would hinge on the State's actions in response to such motions.

## E. Mr. Wood has stated a facially plausible claim that the TCCA construed the statute in a novel way that he did not have reasonable notice of.

The Defendant does not dispute that due process can be violated if an individual does not have reasonable notice of how a statute will be construed. *See* ECF No. 1 at ¶¶63–65. Instead, the Defendant argues Mr. Wood "misreads the CCA's precedent," interprets it in a different way from Mr. Wood, or alternatively argues that the TCCA correctly denied the DNA testing motion. ECF No. 10 at 32–38. However, Mr. Wood states a facially plausible ground for relief.

Mr. Wood's claim asserts that when he sought DNA testing, the TCCA interpreted Article 64.03(a)(2)(B) in a clear and consistent way for death-sentenced individual. Under TCCA precedent when Mr. Wood sought DNA testing, if the individual did not have an execution date (or was not on notice of the State's plan to seek one), and if they had other litigation pending, they were not

17

found to have unreasonably delayed in seeking testing. ECF No. 1 at ¶¶66–74 (citing cases). But, if an execution date was pending or imminent, unreasonable delay was found. *Id.* at ¶68 (citing cases). Here, Mr. Wood sought DNA testing within these guideposts as he did not have an execution date set and he was actively litigating other issues. *Id.* at ¶71. In fact, other than one unique scenario where the individual admitted to using the DNA testing motion for the purpose of delay, *Hall v. State*, 569 S.W.3d 646, 660–61 (Tex. Crim. App. 2019), only Mr. Wood has been faulted by the TCCA for delay absent an execution date being set or imminent. ECF No. 1 at ¶74.

The majority of the Defendant's briefing is merely an argument that, in the Defendant's view, Mr. Wood unreasonably delayed seeking DNA testing and the TCCA decision was justified. ECF No. 10 at 33–38. While Mr. Wood disputes this characterization, he does not—and cannot, without running into a *Rooker-Feldman* problem—litigate that finding here. *See supra*, Section I.C. Instead of challenging the result, Mr. Wood's claim is that his due process rights were violated based on the novel interpretation of Article 64.03(a)(2)(B) that he did not have reasonable notice of. Therefore, the Defendant's arguments that Mr. Wood unreasonably delayed have no bearing on this case.

The Defendant also argues that Mr. Wood allegedly misreads the TCCA's precedent. ECF No. 10 at 32, 34–35.[11] Mr. Wood reads this argument to be either that (1) the presence or imminence of an execution date was not the dispositive factor in the unreasonable delay inquiry at the time Mr. Wood sought DNA testing, or (2) the TCCA has always considered a variety of factors

---

[11] The Defendant also argues the fact that Mr. Wood had a prior execution date undercuts his due process argument. ECF No. 1 at 33. However, the Defendant points to no case where the existence of a prior execution date was used as a relevant factor by the TCCA in its unreasonable delay determination. Furthermore, there are instances of individuals filing a DNA testing motion after a prior execution date was not carried out where the TCCA did not specify that as a reason for finding delay when ruling on a DNA testing motion. *See Gutierrez v. State*, 2024 WL 3220514 (Tex. Crim. App. June 27, 2024); *State v. Swearingen*, 478 S.W.3d 716 (Tex. Crim. App. 2015).

in its determination. Neither argument survives scrutiny, much less show that Mr. Wood's claim does not pass the facially plausible threshold.

Mr. Wood's Complaint exhaustively chronicles TCCA decisions regarding when unreasonable delay was found by that court. ECF No. 1 at ¶¶66–74. The Defendant even recognizes that there is at least a "correlation" between an impending execution date and TCCA cases regarding unreasonable delay, yet claims this "does not establish causation." ECF No. 10 at 34. Mr. Wood's citations point to numerous cases where unreasonable delay was found by the TCCA when an execution date was set or imminent, ECF No. 1 at ¶¶68, 74, and no discussion or finding of delay when it was not, *id.* at ¶¶69, 74, other than the unique circumstances in *Hall*. The Defendant provides no contrary examples of the TCCA finding unreasonable delay and is unable to avoid the unmistakable conclusion that—other than for Mr. Wood—the presence or imminence of an execution date was the TCCA's overriding factor in interpreting the statute's delay provision.

The Defendant speculates that the existence of an execution date cannot be the critical factor in the TCCA's application of the unreasonable delay prong, because then every Chapter 64 motion in a non-death penalty case would be considered timely. ECF No. 10 at 33. However, the Defendant cites no cases where the TCCA found unreasonable delay in a non-capital case. Mr. Wood cannot identify any either. The Defendant's argument, then, actually supports Mr. Wood's position that the presence of an execution date was indeed the critical factor.

The Defendant relies on the TCCA's statement in *Reed*, 541 S.W.3d at 778, that it has "no definitive criteria" regarding whether or not an individual unreasonably delayed seeking DNA testing, and that the TCCA's decision in Mr. Wood's case was therefore consistent with *Reed*. ECF No. 10 at 35. But, as noted by Mr. Wood, that case was issued *after* his DNA testing motions were

filed. ECF No. 1 at ¶73. And Mr. Wood's Complaint recognizes that in some instances the TCCA would mention other factors beyond the presence of an execution date. *Id.* at ¶69. Most saliently, however, the Defendant has no rejoinder to the main thrust of this claim: other than in the unique circumstance in *Hall* and in his case, the TCCA did not construe the statute in a way that found unreasonable delay if no execution date was set or imminent, whereas it did when one was, unless testing was denied on other grounds.[12]

As previously explained, this is not Mr. Wood "disagree[ing] with the CCA's conclusion," as the Defendant asserts again here. ECF No. 10 at 37. The Defendant spends much time arguing that the TCCA's conclusion was correct. But this Court cannot—and Mr. Wood does not ask it to—review that ultimate determination. Instead, this claim is about whether the TCCA denied Mr. Wood due process by applying the statute in a novel way that he did not have reasonable notice of.

## III.  Conclusion.

For these reasons, this Court should deny the Defendant's Motion to Dismiss.

---

[12] The Defendant asserts that the TCCA's decision in Mr. Wood's case is consistent with its decision in *Swearingen v. State*, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010). The Defendant neglects to mention that the TCCA explained in *Swearingen* that "appellant filed his third Chapter 64 motion for DNA testing just 21 days before his scheduled execution." Thus, that case is actually consistent with Mr. Wood's argument.

Respectfully submitted,

DATE: December 13, 2024

JASON D. HAWKINS
Federal Public Defender

/s/ Jeremy Schepers
Jeremy Schepers
Supervisor, Capital Habeas Unit

/s/ Naomi Fenwick
Naomi Fenwick

/s/ Claire Davis
Claire Davis
Assistant Federal Public Defenders

Office of the Federal Public Defender
Northern District of Texas
525 S. Griffin St., Ste. 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
jeremy_schepers@fd.org
naomi_fenwick@fd.org
claire_daivs@fd.org

/s/ Gregory Wiercioch
Gregory W. Wiercioch
University of Wisconsin Law School
975 Bascom Mall
Madison, Wisconsin 53706
(Tel) 832-741-6203
(Fax) 608-263-3380
gregory.wiercioch@wisc.edu

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court for the Western District of Texas using the electronic case-filing (ECF) system of the Court, which will serve all registered users in this case, including counsel for the Defendant.

*/s/ Naomi Fenwick*
Naomi Fenwick